UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION <br><br> <u>Island Partners, et al. v. Deloitte & Touche LLP</u> <br><br> JAMES RIGAS, ZITO I, L.P., and ZITO MEDIA, L.P., <br><br>         Plaintiffs, <br><br> v. <br><br> DELOITTE & TOUCHE, LLP, <br><br>         Defendant. | No. 1:14-mc-00019-JMS-TAB |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

Pending before the Court is Plaintiffs' motion to compel deposition testimony of non-party Timothy Werth. [Docket No. 1.] Werth, proceeding *pro se*, asserts his Fifth Amendment privilege against self-incrimination in an effort to avoid giving deposition testimony. For the reasons explained below, Plaintiffs' motion to compel is denied.

This motion arises from underlying litigation in which Plaintiffs allege negligence-based claims from accounting services provided by Deloitte & Touche, LLP. Plaintiff James Rigas is a former officer and director of Adelphia Communications Corporation, and the remaining Plaintiffs are successors in interest to certain cable companies owned by Rigas and his family. Wertz is a former officer of Adelphia. In January 2003 Wertz entered into a plea agreement in the Southern District of New York. [Docket No. 6.] That plea provides in part that if it is determined that Wertz has given "false, incomplete, or misleading testimony or information" he

shall be "subject to prosecution for any federal criminal violation" of which the U.S. Attorney's Office has knowledge, and that the statute of limitations for bringing any such prosecution is tolled. [Docket No. 6.] Given that his plea agreement specifically keeps open the possibility that Wertz may still be subject to criminal prosecution, Wertz invokes his Fifth Amendment privilege in opposing Plaintiffs' attempt to depose him.

Plaintiffs' motion to quash makes two main arguments. First, Plaintiffs claim Werth waived his privilege because he testified in civil proceedings before the Securities and Exchange Commission related to his employment as an officer of Adelphia. [Docket No. 2 at 6.] Plaintiffs make this argument in a single paragraph in their brief, without any citation to authority, and without providing the Court with any substance of Wertz's testimony before the SEC. The Court cannot conclude from this that Wertz has waived his Fifth Amendment privilege, and therefore Plaintiffs' waiver argument fails.

Plaintiffs' other argument is that Werth cannot show any real risk of self-incrimination given that the plea agreement occurred over ten years ago and thus the statute of limitations seemingly would have run on any potential criminal conduct. It is in response to this argument that Wertz notes the plea agreement specifically tolls the statute of limitations. In reply, Plaintiffs cite to *In re Morganroth*, 718 F.3d 161, 170 (6th Cir. 1983). The Court is not persuaded.

First, *Morganroth* is from the Sixth Circuit and is more than thirty years old. Putting this aside, *Morganroth* is factually distinguishable. In that case, the recalcitrant witness (Morganroth) was a lawyer who had been indicted by a federal grand jury. Nevertheless, subsequent to his indictment he voluntarily answered all questions put to him in a civil proceeding. He was later acquitted. He then was immunized and gave testimony before a New

York grand jury. Subsequent to that, the Secretary of Labor subpoenaed Morganroth to testify as a non-party witness in a civil proceeding. Morganroth invoked the Fifth Amendment. The district court compelled him to testify but limited the subject matter to the identical questions asked at the prior deposition. *Morganroth*, 718 F.3d at 136-64. The appellate court, 2-1, held that Morganroth had not met his burden of establishing a foundation necessary for the valid assertion of the privilege based upon his alleged fear of a perjury prosecution. *Id*. at 170.

In the case at bar, there is no evidence that Wertz is a lawyer. And he was not acquitted. He was convicted by way of a guilty plea, which specifically leaves open the possibility of future criminal charges if it turns out Wertz gave false, incomplete, or misleading testimony or information. Wertz's testimony at a deposition could potentially subject him to prosecution. And unlike Morganroth, the record before the Court does not establish that Wertz previously gave deposition testimony on the very topics on which his deposition is now being sought. Although Wertz reportedly testified in civil proceedings before the SEC related to his employment as an officer of Adelphia, the specifics of that testimony are unknown to this Court. [Docket No. 2 at 6.] *Cf. Kemmerer Bottling Group v. Central Truck Parts Company*, 717 F. Supp. 552 (N.D. Ill. 1989) (privilege against self-incrimination remained, even though defendant pleaded guilty pursuant to plea agreement where possibility of prosecution for other offenses existed).

Presumably Wertz cannot use the tolling provision in his plea agreement to forever avoid giving deposition testimony. However, based upon the sparse record and briefing here, the Court

3

cannot conclude that the Fifth Amendment provides Wertz no protection. Plaintiffs' motion to compel [Docket No. 1] is denied.

Dated: 3/31/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Timothy Werth
125 Durkees Run Drive
Lafayette, IN 47905

Christine Callahan Comerford
DILWORTH PAXSON LLP
ccomerford@dilworthlaw.com